FILED
United States Court of Appeals
Tenth Circuit

October 9, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

ANTONIO DWAN WILLIAMS,

        Movant.

No. 12-1383
(D.C. No. 1:12-CV-02269-LTB)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

---

Antonio Dwan Williams, a Colorado state prisoner appearing pro se, moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas application, claiming his trial counsel was ineffective in failing to challenge the validity of an arrest warrant. We deny authorization.

In 2008, Mr. Williams was convicted by jury of murder in the first degree and felony murder. He was sentenced to life imprisonment. After his conviction and sentence were affirmed on direct appeal, he sought post-conviction relief in state court on the theory that the warrant for his arrest was defective because it mixed his identifying information with that of another individual. The state district court denied relief, and the Colorado Court of Appeals affirmed, concluding that "even to the extent [his] claims survived his failure to challenge the warrant at trial, they are barred because they were not raised on direct appeal." *People v. Williams*, No. 10CA2162, slip op. at 3 (Colo. App. Sept. 29, 2011) (unpublished).

Mr. Williams next filed a § 2254 application raising the same claim as he did in his post-conviction motion. The district court denied relief, concluding that it was procedurally barred because Mr. Williams had procedurally defaulted it in state court and had not demonstrated cause for the default. *Williams v. Chapdlaine*, No. 11-cv-02643-BNB, 2012 WL 12867, at *2-*3 (D. Colo. Jan. 4, 2012) (unpublished). The court noted that ineffective assistance of counsel could excuse a procedural default, but that an applicant "must first raise an independent constitutional claim in state court before it can be used to establish cause for procedural default." *Id.* at *3.

On the heels of the district court's decision, Mr. Williams filed another motion for post-conviction relief in Colorado state district court, claiming that his trial counsel was ineffective in not challenging the validity of the arrest warrant. According to Mr. Williams's motion for authorization, the district court denied relief, and the Colorado Court of Appeals affirmed, concluding that the claim was or could have been raised in his previous post-conviction motion.

Mr. Williams then filed another § 2254 application, asserting a claim of ineffective assistance of trial counsel for failing to challenge the validity of the arrest warrant. The district court dismissed it as an unauthorized second or successive § 2254 application, and Mr. Williams now turns to this court for authorization.

This court must authorize a second or successive § 2254 application before it can be filed in the district court. *See* 28 U.S.C. § 2244(b)(3). We may do so only if a

movant makes a prima facie showing that the application meets the specific requirements of § 2244(b). *Id.* § 2244(b)(3)(C). Under § 2244(b), a movant may obtain authorization by showing that a claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A). A movant also may obtain authorization by showing that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2)(B)(i), (ii).

Mr. Williams has not relied on any new rule of constitutional law, nor has he identified any factual predicate for his ineffective-assistance claim that "could not have been discovered previously through the exercise of due diligence," *id.* § 2244(b)(2)(B)(i). As shown in his motion for authorization, the factual predicate for his proposed claim was known to him prior to his conviction. Mr. Williams states that, before a preliminary hearing, he discussed the validity of the arrest warrant with counsel, who told him "they would bring the arrest warrant up to the judge at the right time." Mot. for Authorization at 1. Then, just before trial, counsel told Mr. Williams that "the best time to bring up the arrest warrant would be on his direct appeal." *Id.* Therefore, Mr. Williams could have raised his claim that trial counsel

was ineffective in his first § 2254 application, but he challenged only the validity of the arrest warrant. Hence, he has not made the required showing under § 2244(b)(2)(B)(i). Accordingly, the motion for authorization is DENIED. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                                              Entered for the Court

                                              ELISABETH A. SHUMAKER, Clerk